# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SAMUEL FRANCO *et al*,                      :
                                            :
        Plaintiffs,                :    Civil Action No.:    05-1058
                                            :
        v.                         :
                                            :    Document No.:        13
THE DISTRICT OF COLUMBIA *et al*,           :
                                            :
        Defendants.                :

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION TO DISMISS

## I.   INTRODUCTION

This matter comes before the court on the defendants' motion to dismiss the plaintiffs'

amended complaint.  The plaintiffs, Samuel Franco, Nathan Franco, Allen Franco, and D Mart

(collectively, "the plaintiffs") filed suit pursuant to 42 U.S.C. § 1983 seeking declaratory

judgment, an injunction and damages.  The plaintiffs allege that the District of Columbia,

National Capital Revitalization Corporation ("NCRC"), and RLA Revitalization Corporation

(collectively, "the defendants") through use of eminent domain authorized by the "Skyland

Legislation," are instituting an unconstitutional taking of the plaintiffs' property.  The defendants

move to dismiss the case, arguing that the court lacks subject-matter jurisdiction and that the

plaintiffs have failed to state a claim upon which relief can be granted.  Further, they assert that

the court should abstain from judgment because of an ongoing condemnation proceeding in the

Superior Court of the District of Columbia ("Superior Court").  Because the court concludes that

the Superior Court proceeding provides an adequate opportunity for plaintiff Samuel Franco to

raise his federal claims, the court grants the defendants' motion to dismiss.  In addition, because

NCRC has not executed a taking of Nathan Franco, Allen Franco and D Mart's ("the remaining plaintiffs") property, their claims are not yet ripe, and the court dismisses their claims.

## II.   BACKGROUND

### A.   Factual History

The plaintiffs are owners and tenants of property located in the Skyland Shopping Center ("Skyland Center") in Southeast Washington, D.C.  The Skyland Center is an 11.5 acre shopping center comprised of several individually owned parcels containing a range of local, regional, and national businesses.  Am. Compl. ¶ 11.  Plaintiff Samuel Franco is the fee simple owner of 2838 Alabama Avenue, S.E., Washington, D.C. 20020 ("Property 1").  Am. Compl. ¶ 2.  Adjacent to that property, plaintiffs Samuel Franco, Nathan Franco, and Allen Franco are lessees of 2834 Alabama Avenue, S.E., Washington, D.C. 20020 ("Property 2").  *Id*.  In addition, plaintiff D Mart operates a retail business on the combined grounds of both properties.  *Id*.

In 2004, the District of Columbia passed a series of legislation ("Skyland Legislation") which authorized NCRC to "acquire and assemble land, real property . . . through condemnation of property by eminent domain in furtherance of the public purposes."  D.C. Code § 2-1219.19.  Action taken pursuant to this statute is subject to an affirmative vote of two-thirds of the D.C. Council.  *Id.*  On April 5, 2005, the National Capital Revitalization Corporation Eminent Domain Clarification and Skyland Eminent Domain Approval Act of 2004 ("Skyland Act") became law.  Am. Compl. at 10.  Pursuant to the Skyland Act, the D.C. Council found the revitalization of the Skyland area to be "necessary and desirable for the public" and authorized NCRC to exercise eminent domain power to redevelop the Skyland Center.  D.C. Code § 2-1219.19.

### B.   Procedural History

On May 25, 2005, the plaintiffs filed suit seeking declaratory judgment that the Skyland Legislation is unconstitutional and asking the court to permanently enjoin the defendants from commencing eminent domain proceedings.  *See generally* Am. Compl.  After the Supreme Court's decision in *Kelo v. City of New London, Conn.*, 125 S. Ct. 2655 (2005), the plaintiffs amended their complaint to add Fifth Amendment violations and separate violations of the D.C. Home Rules Act.  *Id.* ¶¶ 51-93.

On July 8, 2005, NCRC filed a condemnation proceeding in D.C. Superior Court to acquire Property 1, owned exclusively by plaintiff Samuel Franco.  On July 11, 2005, plaintiff Samuel Franco removed that action to this court.  On November 28, 2005, the court determined that the plaintiff had waived his right to remove the case and remanded it back to the D.C. Superior Court.  No condemnation proceedings have yet commenced for Property 2.

On August 1, 2005, the defendants filed a joint motion to dismiss the plaintiffs' amended complaint on the grounds that the court does not have subject-matter jurisdiction and that the plaintiffs have failed to state a claim upon which relief can be granted.  Defs.' Mot. to Dismiss Am. Compl. ("Defs.' Mot.") at 2.  In addition, the defendants assert that the plaintiffs' complaint can be heard in Superior Court, and that this court, therefore, should abstain from proceeding with the instant suit.  Defs.' Mot. at 2.  The court now turns to the defendants' motion.

### III.   ANALYSIS

#### A.   Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)).  On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  Moreover, the court

4

is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

**B.  The Court Grants the Defendants' Motion to Dismiss as to Plaintiff Samuel Franco**

The defendants assert that because a condemnation action is ongoing in D.C. Superior Court against Property 1 and plaintiff Samuel Franco, the "plaintiffs have a forum in which all of their issues can be heard – from public use challenges to procedural issues to just compensation." Defs.' Mot. at 2. Consequently, the defendants ask that, in the interest of federalism and comity, this court dismiss the case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The plaintiffs, conversely, ask that the condemnation suit initiated by NCRC in Superior Court and removed to this court by plaintiff Samuel Franco, be consolidated with this suit pursuant to Federal Rule of Civil Procedure 42. Yet, because this court remanded the condemnation action back to D.C. Superior Court, consolidation is unavailable. Furthermore, the plaintiffs have entirely failed to address the defendants' argument that the court ought to abstain from this suit. Because there is an ongoing state court proceeding against plaintiff Samuel Franco that presents an important state interest, the court grants the defendants' motion and dismisses that plaintiff's claims.

**1.  The *Younger* Doctrine of Equitable Restraint Applies to Plaintiff Samuel Franco's Claims**

In *Younger v. Harris*, the Supreme Court articulated a doctrine of equitable restraint based on principles of comity and federalism. *See Younger*, 401 U.S. 37. The Court defined this notion of "federalism" as:

> [A] system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44.

To further these goals, when an issue of subject-matter jurisdiction over a state proceeding arises, a federal court must apply a three-part test to determine whether it should dismiss the case based on the *Younger* doctrine: "first, a federal court may dismiss a federal claim only when there are ongoing state proceedings that are judicial in nature; second, the state proceedings must implicate important state interests; third, the proceedings must afford adequate opportunity in which to raise the federal claims." *Hoai v. Sun Ref. & Mtkg. Co.*, 866 F.2d 1515, 1518 (D.C. Cir. 1989) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Even if the three-part test dictates that the court dismiss the case, the federal court must also consider whether the case at bar falls into one of the exceptions, such as a showing of bad faith or harassment by the defendant, or exceptional circumstances that would warrant federal jurisdiction.  *Younger*, 401 U.S. at 53-54.  An example of an exceptional circumstance is a statute that "flagrantly and patently" violates a constitutional provision.  *See id.* at 53 (quoting *Watson v. Buck*, 313 U.S. 387 (1941)).

While *Younger* involved a criminal proceeding, the Supreme Court extended this doctrine on several occasions.  Initially, the court applied the *Younger* doctrine to cases in which a state government is a party in state civil litigation.  *Huffman v. Pursue, Ltd*., 420 U.S. 592 (1975) (holding that the federal district court should have applied the *Younger* doctrine and dismissed an adult movie theater owner's lawsuit challenging a state obscenity statute on First Amendment

grounds after the state instituted a civil nuisance proceeding against the theater owner). A few years later, the court extended the doctrine to civil proceedings which involve important state interests even if the state government is not a party. *Juidice v. Vail*, 430 U.S. 327 (1977) (concluding that the federal court properly refrained from adjudicating the matter of state contempt charges because the state's interest in its contempt proceedings are "at the core of the administration of a State's judicial system"). The Supreme Court later underscored the notion that *Younger* applies in cases involving deference to state courts in matters of state court proceedings.[1] *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987).

Still, the *Younger* doctrine is narrow and courts ought to apply it sparingly. In *New Orleans Public Service, Inc. ("NOPSI")*, the Court refused to apply *Younger* to all civil litigation: "it has never been suggested that *Younger* requires abstention and deference to a state judicial proceeding reviewing legislative or executive action." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367 (1989). Viewing this array of case law, one commentator has noted that "*NOPSI* offers little guidance as to what types of situations warrant abstention and which do not; there are no criteria, express or implied, as to when state interests

---

[1]    Although the defendants ask the court to "abstain" pursuant to the *Younger* doctrine, the D.C. Circuit has distinguished the doctrines of "abstention" and "equitable restraint." The district court should refer to the *Younger* doctrine as a doctrine of "equitable restraint," by which a federal case is dismissed based on notions of comity and federalism. *Bridges v. Kelly*, 84 F.3d 470, 475 n.7 (D.C. Cir. 1996). In contrast, the *Pullman* abstention doctrine contemplates a stay of a federal action to allow a state court to resolve pertinent issues of local law. *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). The idea is to give the state court an opportunity to resolve pertinent issues of local law that may "eliminate or materially alter the constitutional issue presented." *Ohio Bureau of Employment Servs. v. Hodory*, 431 U.S. 471, 481 (1977). In this case, as noted *infra*, the *Younger* equitable restraint doctrine applies.

are sufficiently important as to warrant *Younger* abstention in private civil litigation."  Erwin

Chemerinsky, FEDERAL JURISDICTION 743 (2d ed. 1997).

The Supreme Court in *Doran* addressed *Younger's* application to federal plaintiffs who

are non-parties in the state court action.  *Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975).  In

*Doran*, the Court held that a mere commonality of interest is insufficient to apply *Younger* to

non-parties in the state proceeding.  *Id.* at 928-29.  Further, the Court found that *Younger* did not

apply to non-parties even though respondents were "represented by common counsel, and have

similar business activities and problems [because] they are apparently unrelated in terms of

ownership, control, and management."  *Id.*

### 2.   Plaintiff Samuel Franco is a Party to an Ongoing State[2] Proceedings[3]

The defendants argue that the court ought to dismiss the plaintiffs' claims in deference to

the Superior Court's adjudication of the condemnation proceeding against plaintiff Samuel

Franco.  Defs.' Mot. at 2-3.  Under *Younger*, the court first looks to "whether there is an ongoing

---

[2]     The court notes that, until recently, this circuit never decided expressly whether the District of
Columbia qualifies as a "state" for *Younger* purposes.  Indeed, "courts have generally indicated
that the District of Columbia resembles a state within the framework of a comity analysis."
*Jenkins v. Wash. Convention Ctr.,* 59 F. Supp. 2d 78, 81 (D.D.C. 1999) (citing *Silverman v.
Barry,* 727 F.2d 1121, 1123 n.4 (D.C. Cir. 1984)).  Although District of Columbia is not a state,
this circuit treats it as one for purposes of applying the *Younger* Doctrine.  *JMM Corp. v. Dist. of
Columbia,* 378 F.3d 1117, 1122 (D.C. Cir. 2004) (stating that "[t]here is no reason why these
factors cannot be applied to District proceedings as readily as to state proceedings . . .
[a]ccordingly, there is nothing about the equity source of the *Younger* doctrine that precludes its
application to the District of Columbia.").

[3]     The condemnation action in D.C. Superior Court is only proceeding against plaintiff Samuel
Franco as the fee simple owner of Property 1.  As to the remaining plaintiffs, therefore, there is
no ongoing state proceeding and the defendants' motion fails under the first prong of *Younger*.
*See Doran v. Salem Inn, Inc.*, 422 U.S. 922 at 928-29 (stating that a mere commonality of interest
is insufficient to apply to *Younger* to non-parties); *Green v. City of Tuscon*, 255 F.3d 1086, 1099-
1104 (9th Cir. 2001), *cert. dismissed*, 533 U.S. 966 (2001) (stating that federal court plaintiffs'
claims are not barred merely because they share essentially identical interests and counsel, and
they could intervene in the state action).

state proceeding that is judicial in nature." *Ford v. Tait*, 163 F. Supp. 2d 57, 64 (D.D.C. 2001).

A federal court ought to apply *Younger* principles of restraint only "when state court proceedings

are initiated 'before any proceedings of substance on the merits have taken place in federal

court.'" *Hawaii v. Midkiff*, 467 U.S. 229, 238 (1984) (quoting *Hicks v. Miranda*, 422 U.S. 332,

349 (1975)); *see also JMM Corp. v. Dist. of Columbia,* 378 F.3d 1117, 1126 (D.C. Cir. 2004)

(dismissing the case pursuant to *Younger* because even though D.C. did not file its Superior

Court action against the plaintiff until two months after the plaintiff filed its federal complaint,

the federal court had not proceeded to the merits of the case); *Aaron v. Target Corp*, 357 F.3d

768 (8th Cir. 2004) (holding that the federal court should have abstained from enjoining an

ongoing state condemnation proceeding).

 In the instant case, the plaintiffs filed their federal complaint on May 26, 2005, which the

defendants moved to dismiss.  Shortly thereafter on July 15, 2005, the plaintiffs amended their

complaint, and again the defendants moved to dismiss.  Since the court has not ruled on either of

these motions, this case has yet to move past the pleadings stage and into the merits.  *JMM*

*Corp.*, 378 F.3d at 1126 (stating that even after ruling on a preliminary injunction, the district

court had not proceeded into the merits).  During the pleading stage, the NCRC filed a

condemnation action in D.C. Superior Court against plaintiff Samuel Franco.  Because this

condemnation action is currently in state court and this federal action has not advanced to the

merits, the court determines that there is an ongoing state condemnation action which should not

be interrupted.

### 3.    Plaintiff Samuel Franco's Claims Involve an Important State Interest

Under *Younger's* second prong, the court must analyze "whether an important state interest is at stake." *Ford*, 163 F. Supp. 2d at 65.  In the instant case, the D.C. Council passed the Skyland Act to authorize the use of eminent domain to remedy "blighted" D.C. property. D.C. Code § 2-1219.19.  The use of eminent domain is an important state interest. *Berman v. Parker*, 348 U.S. 26, 33-36 (1954) (concluding that D.C.'s use of eminent domain for economic development is a legitimate "means to an end"); *Aaron*, 357 F.3d at 777 (stating that "[e]minent domain proceedings have long been recognized as an important state interest").  In addition, the use of eminent domain to remove blight and promote local economic development is also an important state interest. *Berman*, 348 U.S. at 32-34 (explaining that the state and municipal police power includes the power to enact development projects that remove blight); *see also Kelo*, 125 S. Ct. at 2655 (deferring to the state's redevelopment plan that, *inter alia*, sought to remove blight).  Accordingly, the outcome of this case presents an important state interest, one which the D.C. courts should decide.

### 4.    Plaintiff Samuel Franco has an Adequate Opportunity to Raise Federal Claims

Finally, the court must determine whether the plaintiffs will have a fair and adequate opportunity to raise their federal claims in Superior Court. *Ohio Civil Rights Comm'n v. Dayton Christian Sch. Inc.*, 477 U.S. 619, 627 (1986).  When a state court proceeding cannot provide adequate relief on federal claims, the federal court should not dismiss or stay the proceeding. *Ford*, 163 F. Supp. 2d at 65-66.

The D.C. Superior Court is "certainly of competent jurisdiction" to hear constitutional claims and safeguard litigants' constitutional rights. *Capitol Hill Hosp. v. Dist. of Columbia*,

769 F. Supp. 16, 19 (D.D.C. 1991). "Where the proceedings begin in Superior Court, the

defendant can raise any constitutional claims in that court, appeal an adverse decision to the

District of Columbia Court of Appeals, and if still dissatisfied seek review in the United States

Supreme Court." *JMM Corp.*, 378 F.3d at 1121; *see also Aaron,* 357 F.3d at 778 (holding that

"the court erred in finding that the property owners did not have an adequate opportunity" to

raise their constitutional claim in state court eminent domain proceedings). Accordingly,

because the D.C. Superior Court provides an adequate forum for the relief that the plaintiff seeks

here, the court dismisses plaintiff Samuel Franco's claims pursuant to *Younger*.[4] Because the

remaining plaintiffs are not parties to the state court action, the court denies the defendants'

motion to dismiss pursuant to *Younger*. *See Doran*, 422 U.S. at 928-29.

### C.    This Court Dismisses the Remaining Plaintiffs' Claims for Lack of Subject-Matter Jurisdiction

The remaining plaintiffs seek declaratory judgment that the Skyland Legislation violates

the Fifth Amendment. In addition, they seek to enjoin the defendants from exercising eminent

domain power on Property 2, in which the plaintiffs possess a leasehold interest. The

defendants, on the other hand, assert that the plaintiffs' constitutional claim is not ripe. They

argue that the "[p]laintiffs cannot allege such a violation prior to the exercise of eminent domain,

[therefore] the court is without subject matter jurisdiction." Defs.' Mot. at 12. Because the

remaining plaintiffs' claims are not ripe, the court grants the defendants' motion.

---

[4]    The court may still intervene to hear a constitutional claim when there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Plaintiff Samuel Franco, however, has not alleged any improper actions upon which the court could determine that any of these elements are present.

### 1.   Legal Standard for Ripeness

Article III of the Constitution limits the jurisdiction of federal courts to cases or controversies.  U.S. CONST. ART. III, § 2, cl. 1.  The case-or-controversy requirement reflects the "common understanding of what it takes to make a justiciable case."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).  Among the various doctrines developed by the courts to test the fitness of controversies for judicial resolution is the ripeness doctrine.  *Wyo. Outdoor Council v. U.S. Forest Serv.*, 165 F.3d 43, 48-49 (D.C. Cir. 1999).

The ripeness doctrine asks "whether the case has been brought at a point so early that it is not yet clear whether a real dispute to be resolved exists between the parties."  15 FED. PRAC. 3d § 101.70[2].  Reflecting both constitutional and prudential considerations, the doctrine "is designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)); *see also Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993) (stating that "[the] ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction").

Toward that end, a court must examine whether a dispute is fit for judicial review and whether withholding court consideration would cause hardship to the parties.  *Ohio Forestry Ass'n, Inc.*, 523 U.S. at 733; *Wyo. Outdoor Council*, 165 F.3d at 48.  To measure fitness, the court looks to "whether [the issue] is purely legal, whether consideration of the issue would

benefit from a more concrete setting, and whether the agency's action is sufficiently final." *Atl.*
*States Legal Found. v. Envtl. Prot. Agency*, 325 F.3d 281, 284 (D.C. Cir. 2003). If a claim "rests
upon contingent future events that may not occur as anticipated, or indeed may not occur at all,"
it is not ripe for adjudication. *Id.* As for hardship, the court looks to see whether the party can
show that it will suffer injury in the interim. *Id.*

### 2.   Plaintiffs Nathan Franco, Allen Franco and D Mart's Claims are Not Ripe

In a condemnation action, "[e]quitable relief is not available to enjoin an alleged taking
of private property for a public use, duly authorized by law, when a suit for compensation can be
brought against the sovereign subsequent to the taking." *Ruckelshaus v. Monsanto Co*., 467 U.S.
986, 1016 (1984) (stating that the district court improperly issued an injunction when federal law
provided a monetary remedy for the taking). Injunctive relief is not available because "[t]he
Fifth Amendment does not proscribe the taking of property; it proscribes taking without just
compensation." *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*,
473 U.S. 172, 194 (1985). Accordingly, a takings claim is not ripe where the party may seek
compensation through state procedures. *Id*. at 195 n.13 (applying this principle in the context of
regulatory takings). The nature of the Constitution requires a property owner to "utilize
procedures for obtaining compensation before bringing a § 1983 action." *Id.*; *see Patel v. City of*
*Chicago*, 383 F.3d 569, 574 (7th Cir. 2004) (holding that "[b]ecause the Plaintiffs have suffered
no injury and will only do so if and when the City fails to compensate them . . . their claim is not
ripe for review").

In other words, review of this case on Fifth Amendment grounds is premature until: (1) a
taking occurs, and (2) D.C. provides, or fails to provide, compensation. Although the lessee

plaintiffs have a cognizable property interest, *see First English Evangelical Lutheran Church of Glendale v. Los Angeles County*, 482 U.S. 304, 319 (1987), their claims are premature because they "rest upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Atl. States Legal Found.*, 325 F.3d at 284 (applying the ripeness doctrine in the context of regulatory takings). The remaining plaintiffs base their claims on mere speculation that their property will be the subject of a wrongful condemnation action as authorized by the Skyland Act. These allegations, however, are not sufficient grounds for the court to inject itself into the laws of D.C. and inquire into the purposes and procedures employed by the D.C. Council. There has been no taking of Property 2 and no denial of just compensation, and this court declines to adjudicate claims for wrongs which are not certain to occur. *Ruckelshaus*, 467 U.S. at 1016; *see also Robert Seigel, Inc. v. Dist. of Columbia*, __ A.2d __, 2006 WL 300429 (D.C. Feb. 9, 2006) (ruling that the trial court properly held that the claim was not ripe because the D.C. had not initiated eminent domain proceedings).

### 3.    The Remaining Plaintiffs Will Not Suffer Undue Hardship

Even though the plaintiff's taking claim is not ripe, the court may consider it if withholding consideration would create hardship to the parties. *Ohio Forestry Ass'n, Inc.*, 523 U.S. at 733. Hardship can come in the form of "adverse effects of a strictly legal kind" or effects that "inflict significant practical harm." *Id*. at 733-34.

In the instant case, by granting the defendants' motion to dismiss, the court does not preclude the plaintiffs' right to raise their legal challenges if a taking does occur. If the defendants do file a condemnation action for Property 2, the plaintiffs will have an opportunity to raise their constitutional challenges in the state condemnation proceeding. Also, the plaintiffs

will not suffer any "significant practical harm." *Id*. Other than the taking itself, the plaintiffs have asserted no reason why they would be harmed by raising their claims in state court. Because the remaining plaintiffs' claims are unripe, the court dismisses their claims.

## IV.   CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss plaintiff Samuel Franco's claims based on the *Younger* doctrine. The court also grants the defendants' motion to dismiss the remaining plaintiffs' claims as those claims are not ripe. An order directing the parties in a manner consistent with this Memorandum Opinion is contemporaneously issued this 22nd day of March 2006.


RICARDO M. URBINA
United States District Judge