IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL FRANCO, ET AL.          ) | |
| Plaintiffs,          ) | |
| v.          ) | Civil Action No. 1:05cv01058 (RMU) |
| DISTRICT OF COLUMBIA, ET AL.,          ) | |
| Defendants.          ) | |

**OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants District of Columbia and National Capital Revitalization Corporation oppose the motion by plaintiffs Nathan Franco, Allan Franco and D Mart, Inc. for reconsideration of this Court's March 22 Order granting the motion to dismiss as well as these plaintiffs' motion for leave to file a second amended complaint. (Plaintiff Samuel Franco is not seeking any relief in this motion).

As this Court recently summarized:

> While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," or a vehicle for presenting theories or arguments that could have been advanced earlier.

United States Department of State v. Coombs, 417 F.Supp.2d 10 (D.D.C. 2006)(citations omitted).

Plaintiffs' motion does not meet any of these standards for reconsideration. The motion is nothing more than a reargument of points that were made in connection with the original motion to dismiss. Specifically, plaintiffs argue, again, that they have leasehold interests which would be affected by the underlying condemnation and that they therefore have standing to complain about the application of the Skyland Acts to their property interests. This is the same line of argument made in July 2005. See Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Complaint (DE # 11), at 6-7 ("Whether or not plaintiff lessees' interests terminate upon a taking of the fee interest on the property on condemnation, they have a present leasehold interest in their property which is being threatened by the Skyland Legislation. . . .[T]hey have a constitutional right to protect the wrongful termination of their leasehold interests by a wrongful taking for a private use.") The motion for reconsideration does not present any new or different analysis or facts to change the Court's well-considered conclusion that the plaintiffs' claims are not ripe. See Memorandum Opinion (DE #16) at 13-14.

The essence of plaintiffs' argument is that with the taking of their landlords' properties at Skyland, which has occurred, the plaintiffs' leases terminate or, at the least, that plaintiffs are not entitled to compensation under the terms of their leases. (Motion for Reconsideration at 3-4). But the question of whether plaintiffs are entitled to a portion of the condemnation award ultimately paid to their landlords is not ripe for adjudication here nor is it foreclosed by the dismissal of this action. If plaintiffs are entitled to payment of a portion of the award -- either from their landlords or from NCRC -- they have a full and adequate forum in the local courts if such payment is not made. If they have no right to payment, they are also not harmed by the dismissal.

Plaintiffs are correct in noting that the Memorandum Opinion suggested that the condemnations had not yet occurred whereas in fact they have. In the pending actions in Superior Court, the court has (a) stricken the defenses raised by plaintiffs' landlords seeking to block the taking of the fee interest, and (b) granted NCRC immediate possession of the fee interests. These orders have been entered as to both the "Franco Property" and the "First FSK Property," also referred to as "Property 1" and "Property 2" in this Court's Opinion. But those rulings by the Superior Court confirm the conclusion that plaintiffs' claims, if any, are not properly before this Court.

Finally, plaintiffs reargue that their claim is an attack on the Skyland Acts themselves and whether the Acts allow for a taking of property without a public use. But plaintiffs acknowledge that their property has not been taken by any act of NCRC or the District. Rather, their claim is that because their landlords' property has been taken, the collateral effect is to deprive them of a claimed property right. Leaving aside the significant issue of standing -- that is, can a tenant seek review of a statute which allows the taking of its landlord's property -- defendants note that plaintiffs have a local court forum in which to raise any issues of a taking of their property without just compensation if and when their property is taken. Moreover, the Superior Court has already ruled against their landlords on the defenses that the Skyland Acts were enacted improperly or would allow the taking of property not for a public use.

Defendants request that the Court deny the motion for reconsideration. Since the dismissal of the amended complaint terminates the case, there is no warrant for the filing of a second amended complaint by the plaintiffs and that request is properly denied as moot. See Ciralsky v. C.I.A., 355 F.3d 661, 673 (D.C.Cir. 2004).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

CHARLES F. BARBERA
Deputy Attorney General, Commercial Division


/s/
DAVID FISHER
Chief, Tax, Bankruptcy, and Finance Section
Bar Number 325274


/s/
RICHARD G. AMATO
Assistant Attorney General
Bar Number 21618
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 724-7751
(202) 727-6014 (fax)
E-mail: richard.amato@dc.gov


HOLLAND & KNIGHT LLP

Paul J. Kiernan (DC Bar # 385627)
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 663-7276
(202) 955-5564 – fax

# 3728230_v1