UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL FRANCO, et. al.,              :
          Plaintiffs     :     Civil No. 1:05-CV-01058 (RMU)
   v.                                 :
                                               :
THE DISTRICT OF COLUMBIA, et. al.,  :     ORAL HEARING REQUESTED
          Defendants.    :

PLAINTIFFS NATHAN FRANCO, ALLAN FRANCO AND D MART, INC.'S REPLY
TO DEFENDANTS' OPPOSITION TO THEIR MOTION
FOR RECONSIDERATION OF ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs Nathan Franco, Allan Franco and D Mart, Inc., by their attorney herein, reply to the opposition of defendants to said plaintiffs' motion to the Court to reconsider and vacate that portion of its memorandum opinion and order dated March 22, 2006 (the "Order") dismissing the first amended complaint of plaintiffs Nathan Franco, Allan Franco and D Mart, Inc. and for leave for plaintiffs Nathan Franco, Allan Franco and D Mart, Inc. to file a second amended complaint.

ARGUMENT

Contrary to defendants' argument, Defendants Opposition ("Deft. Op.") at 2 (Doc. 19), plaintiffs' motion clearly meets the requisite standards of Rule 59(e) as this Court stated in *U.S. Department of State v. Coombs*, 417 F.Supp. 2d 10 (D.D.C. 2006), cited by defendants, Deft. Op at 1. The motion is expressly based on the erroneous statement in the Court's Order that their property interest had not yet been taken by defendant NCRC (Order, at 2, 13-14), and hence their claims are unripe and their action is premature.[1]

---

[1] The filing of the condemnation case against the lessee plaintiffs' property, referred to as Property 2 in the Order, also may be deemed new evidence in this action for purpose of this Rule 59(e) motion.

Defendants also claim erroneously that "plaintiffs acknowledge that their property has not been taken by any act of NCRC or the District." Deft. Op. at 3. This claim is patently incorrect. Plaintiffs indeed claimed that their leasehold interests were taken by NCRC in the Superior Court condemnation case. Plaintiffs' motion at 2-3.

There, plaintiffs claim that NCRC condemned fee simple title to the property they leased from First FSK Limited Partnership (Case No. 05-5333) and the property plaintiff D Mart, Inc. leased from Samuel Franco (Case No. 5335). It is clear that a taking of fee simple title to property by eminent domain includes, without more, a taking and extinguishment of all leasehold interests in the property. See *Pennsylvania Avenue Development Corporation v. One Parcel of Land in the District of Columbia*, 494 F. Supp. 45, 50 (D.D.C. 1980). This holding conforms with the general rule that in a total taking of the leased premises the lease is terminated. *Nichols on Eminent Domain*, Vol 7A, §11.05[2].

Further, although plaintiffs could have brought their §1983 claims in a Superior Court action, as suggested by defendants, Deft. Op. at 3, they chose to bring this action instead. Indeed, the orders striking the owners' constitutional and other defenses in the Superior Court condemnation cases, coupled with orders granting NCRC immediate possession of those properties, referred to by defendants at Deft. Op., 3, are being appealed on an interlocutory basis.[2]

Finally, defendants' suggestion that plaintiffs may not have standing to challenge the Skyland Legislation taking in this action, Deft. Op. at 3, was rejected by this Court in the Order wherein the Court stated "the lessee plaintiffs have a cognizable property interest, see *First*

---

[2] In Case No. 05-5335, defendant Samuel N. Franco has filed a motion for reconsideration of the order striking his defenses and granting NCRC immediate possession to the property, and a notice of appeal effective on resolution of his motion. His motion is pending.

*English Evangelical Lutheran Church of Glendale v. Los Angeles County*, 482 U.S. 304, 319 (1987)", Order at 13-14.  The lessee plaintiffs in this action are now in the same posture from the standpoint of standing and ripeness of their claims as the plaintiff lessees in *Autozone Development Corp., et.* al. *v. The District of Columbia, et. al.,* Civil Action No. 05-0476 (RMU) now pending in this Court.  As defendants in that action have now filed their answers to the plaintiffs' third amended complaint, that action apparently will be tried on the merits.

These lessee plaintiffs, similarly,  should be permitted to continue this action and further amend their complaint rather than have to file a new action based on the same allegations.

For all the foregoing reasons and the reasons stated in their motion, plaintiffs' motion to vacate the Order in part and for leave to file a second amended complaint should be granted.

Dated: April 20, 2006                                 Respectfully submitted,


                                          _____/s/_____
                                        Ralph Werner,  D.C. Bar No. 88161
                                        1020 Nineteenth Street, N.W., Suite 400
                                        Washington, D.C. 20036
                                        (202) 331-8940
                                        Attorney for Plaintiffs